IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA SEIBLES, | : |
| | : |
|     Petitioner | : |
| | : |
| v. | :    CIVIL NO. 4:CV-16-236 |
| | : |
| WARDEN DAVID EBBERT, | :    (Judge Brann) |
| | : |
|     Respondent | : |

### MEMORANDUM

April 7, 2016

**Background**

    Joshua Seibles, an inmate presently confined in the Special Management Unit (SMU) at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David Ebbert. For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice to any right Seibles may have to reassert his present claims in a properly filed civil rights complaint.

    Petitioner states that he entered a guilty plea to firearm and drug related

charges in the United States District Court for the District of South Carolina. He was subsequently sentenced to serve a 151 month term of confinement on January 27, 2009. Seibles' present action does not challenge the legality of his guilty plea or the sentence imposed. See Doc. 1, ¶ 10.

Rather, his Petition claims entitlement to federal habeas corpus relief on the grounds that the Federal Bureau of Prisons (BOP) committed a "breach of federal contract" by keeping him confined in the USP-Lewisburg SMU for more than 36 months. Id., ¶ 5. Seibles states that as of February 5, 2016 he was been confined in the SMU for a period of 41 months. His Petition elaborates that his extended SMU placement exceeds the BOP's "posted" guideline which purportedly recommends a 36 month SMU duration. Id. at ¶ 10. Plaintiff adds that he never agreed to an extended SMU stay and his continued participation in said program serves no valid rehabilitative purpose. As relief, Seibles is apparently seeking a transfer from the SMU.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559 *2 (M.D. Pa.

March 19, 2007)(Kosik, J.).  The Rules are applicable to § 2241 petitions under Rule 1(b).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been

similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Petitioner challenges only the legality of his ongoing USP-Lewisburg SMU placement. In Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012) the United States Court of Appeals for the Third Circuit addressed a § 2241 petition which alleged that the federal inmate had been illegally referred to the SMU. The Court of Appeals stated that "Cardona's claims do not concern the execution of his sentence because the BOP's conduct is not inconsistent with his sentencing judgment." Id. at p. 537. Moreover, the Court of Appeals added that such contentions are not properly raised in a habeas petition since granting the petition would not necessarily result in a change to the duration of the inmate's sentence.

Based upon a review of the petition, Seibles does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. There is no indication whatsoever by Petitioner that the alleged violations of his constitutional rights included a loss of good time credits or otherwise extend the length of his confinement.

Like the scenario addressed by the Court of Appeals in Cardona, Seibles is

simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on Petitioner's contentions and the relief sought, he is alleging that he was improperly subjected to prolonged SMU placement by USP-Lewisburg officials. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Seibles' incarceration. See Shelton v. Thomas, 537 Fed. Appx. 63, (3d Cir. 2013)(claim of being held in SMU longer than permitted by federal law does not sound in habeas corpus). Since Seibles' petition concerns the conditions of his confinement, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Seibles may have to reassert his present claims in a properly filed civil rights complaint.[1] An appropriate Order will enter.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[1] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Seibles may file based upon the facts asserted herein.